**GUANG JIN LIN, a/k/a Guong Jin Lin, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–6508–ag.

United States Court of Appeals, Second Circuit.

July 26, 2006.

Michael Brown, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Robert L. Ellman, Chief, Appellate Division, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Guang Jin Lin, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Noel Brennan's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a short decision affirming and adopting the reasoning of the IJ, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations,

under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). On the other hand, we will vacate and remand for new factual findings, including credibility determinations, if the factfinding process was sufficiently flawed. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006)(finding remand appropriate where "an IJ's decision 'omit[s] potentially significant facts' so fundamental to the claim that 'we are unable adequately to consider whether substantial evidence support[ed] the BIA's determination'") (quoting *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004)); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2005) (remanding because the "IJ relied on speculation" and "failed to consider all the significant evidence").

Substantial evidence supports the adverse credibility finding in this case. Lin's testimony at his airport and credible fear interviews differed materially from his application and hearing testimony with regard to his allegations of his aunt's abortion and his related arrest, and he completely neglected to mention his alleged threatened arrest for Falun Gong support at either interview. Both interviews were conducted with the assistance of an interpreter, Lin was asked questions designed to elicit details about his asylum claim, and he never indicated that he felt intimidated at the time. Therefore, the IJ properly relied on his statements at the interviews in making an adverse credibility finding. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Lin stated explicitly at his credible fear interview that he was not released from detention, but managed to escape, whereas he testified at his hearing that he was released when his parents begged the au-

thorities. The IJ reasonably rejected his belabored attempt to clarify that what he meant at the hearing was that he only tried to escape, when the record clearly indicates otherwise. The IJ also properly drew an adverse inference when Lin was asked several open-ended questions about whether he had any other problems in China, or was ever threatened or mistreated on any other occasion, and he answered in the negative, yet subsequently claimed that shortly before his departure from China, the police tried to arrest him for owning a Falun Gong book.

The IJ also properly found that Lin's credibility was further undermined when the government's consular investigation revealed that the purported abortion certificate for his aunt was fabricated. Although the conclusions in the government's report were based on hearsay, Lin effectively waived his arguments about their reliability when he conceded that the document was fraudulent. Moreover, the IJ was reasonable in rejecting Lin's explanation that neither he nor his aunt had known the document was fraudulent, when Lin shifted the blame for procuring the document to his aunt, who in turn shifted the blame to an unnamed friend, who she claimed had given her the document, but who could not longer be located. A reasonable factfinder would not be compelled to find Lin's aunt's letter sufficiently persuasive to rebut the government's report. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006).

Because the adverse credibility finding is supported by substantial evidence, and because Lin's withholding claim was based on the same facts as the asylum claim, the IJ properly concluded that he failed to meet the higher burden for withholding. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006). Moreover, Lin's argument that the IJ denied him due process in failing to credit his testimony is plainly

meritless, and we lack jurisdiction to review the BIA's decision to act summarily through a single Board member in affirming the IJ's decision. *See Guyadin v. Gonzales,* 449 F.3d 465, 468–70 (2d Cir. 2006). Finally, because Lin failed to challenge the denial of CAT relief in his brief to this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).